[No. 9280. Department Two. December 21, 1910.]

MARGARET BEEBE, *Respondent*, v. NORTHWESTERN DAIRY COMPANY, *Appellant*.[1]

APPEAL—PARTIES—NOTICE. An appeal will not be dismissed for failure to serve a notice of appeal upon two corporations, one domestic and one foreign, named in defaults entered, where the complaint alleged that defendant was a domestic corporation, which was denied in an answer alleging that the defendant was a foreign corporation authorized to do business in this state, the sheriff's return did not show whether a foreign or domestic company had been served, and the motion to dismiss by the foreign corporation did not show affirmatively that there was any domestic corporation, the record indicating but one defendant.

Motion to dismiss an appeal from a judgment of the superior court for King county, Webster, J., entered June 28, 1910, in favor of the plaintiff, in an action to quiet title. Denied.

*Byers & Byers*, for appellant.

*Bo Sweeney*, for respondent.

PER CURIAM.—Action by Margaret Beebe against Northwestern Dairy Company, a corporation, to quiet title. In paragraph 1 of her complaint plaintiff alleged "that defend-

[1]Reported in 112 Pac. 365.

ant is a corporation, incorporated and existing under and by virtue of the laws of the state of Washington." Northwestern Dairy Company, by its attorneys, moved to strike portions of the complaint. This motion was denied. Thereafter Northwestern Dairy Company, appearing by the same attorneys, filed an answer, in which, after denying paragraph 1 of the complaint, it affirmatively alleged "that this defendant is a corporation duly organized, created, and existing under and by virtue of the laws of the state of Oregon, and has filed its articles of incorporation in the office of the secretary of state of the state of Washington, and has paid its license fee last due." Plaintiff's demurrer and motion to strike this answer were both sustained. Thereafter separate defaults were granted against Northwestern Dairy Company of Washington and Northwestern Dairy Company of Oregon, and judgment for costs was entered against Northwestern Dairy Company of Oregon, which corporation has appealed.

The respondent has moved to dismiss, for the reason that no notice of appeal has been served upon the Northwestern Dairy Company of Washington. In presenting her motion to dismiss, respondent insists that the record discloses the existence of two corporations of the same name, one organized in Washington and the other in Oregon; that they made separate appearances, but that the Oregon corporation only has appealed. The appellant insists that one corporation only exists, it being the appellant incorporated in Oregon. The sheriff's return fails to indicate whether a domestic or foreign corporation was served. The motion to strike did not state that the defendant then appearing was either a domestic or foreign corporation. When the answer was filed, it appeared therefrom that the defendant claimed itself to be an Oregon corporation. The record thus indicates the existence of one corporation only, and appellant could not serve the notice of appeal on any other defendant. If there is a Washington corporation, as alleged in the complaint, but denied by the answer, respondent should affirmatively show that fact

in support of her motion to dismiss. We do not find that appellant failed to serve its notice of appeal upon any other corporation that had appeared.

The motion to dismiss is denied.