[No. 9280.    Department Two.    February 7, 1911.]

MARGARET BEEBE, *Respondent*, v. NORTHWESTERN DAIRY COMPANY, *Appellant*[1]

CORPORATIONS—ACTIONS AGAINST—PARTIES—IDENTITY—ANSWER—SUFFICIENCY—QUIETING TITLE. Where the complaint in an action to quiet title alleged that defendant was a domestic corporation, it is error to sustain a demurrer to an answer and cross-complaint alleging that the defendant was a foreign corporation and setting up its title to the property, and to strike the answer, on the ground that the foreign corporation was not a party to the action; since it seems that there was but one corporation, and if served with process, the foreign corporation had an undoubted right to defend the action.

Appeal from a judgment of the superior court for King county, Webster, J., entered June 28, 1910, in favor of the plaintiff, upon sustaining a demurrer to the answer and cross-

¹Reported in 113 Pac. 573.

complaint and a motion to strike the answer, in an action to quiet title.    Reversed.

*Byers & Byers*, for appellant.

*Bo Sweeney,* for respondent.

RUDKIN, J.—The record in this case presents a peculiar state of facts.    The action was instituted against the Northwestern Dairy Company, alleged to be a corporation organized and existing under the laws of this state, to remove a cloud from the title to certain real property in King county, arising from or caused by an execution sale and sheriff's deed. The answer of the defendant consisted of denials and a cross-complaint, alleging title in the defendant under the execution sale and sheriff's deed, and praying judgment for the restitution of the premises and for damages for use and occupation. The cross-complaint further alleged that the defendant was a corporation organized and existing under the laws of the state of Oregon, and had filed its articles of incorporation in the office of the secretary of state in this state, and paid its annual license fee last due.    A demurrer to the answer and cross-complaint was interposed on the ground, among others, that the Oregon corporation was not a party to the action. This demurrer was sustained, and thereafter a motion to strike the same answer on the same ground was interposed and sustained.    What there was left to strike, after the demurrer to the answer was sustained, we are not advised, but such is the state of the record brought here.    After striking the answer, the court gave judgment against the Oregon corporation for costs, and from that judgment, the present appeal is prosecuted.

A motion to dismiss the appeal was interposed in this court on the ground that no notice of the appeal was served on the Washington corporation, but that motion was denied, for the reason that, in the opinion of this court, there was but one corporation in the case.    *Beebe v. Northwestern Dairy Co.,* 61 Wash. 294, 112 Pac. 365.    That decision is also de-

cisive of the question here presented. For if there was but one corporation, it was error to sustain the demurrer and strike the answer on the ground that there were two separate and distinct coporations. Of course, if it should appear on the trial that there was a Washington corporation, and that corporation was sued and served with process, the Oregon corporation has no standing in court. But if it should appear, as seems to be the fact, that there is but one corporation, and that corporation is the Oregon corporation doing business in this state, and that corporation was sued and served with process, it has a clear and unquestionable right to appear and defend the action.

The judgment is therefore reversed, and the cause remanded with directions to overrule the demurrer and the motion to strike, and for further proceedings in the cause not inconsistent with this opinion.

DUNBAR, C. J., CHADWICK, CROW, and MORRIS, JJ., concur.